**FILED**
**May 31, 2019**
**02:32 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | |
|---|---|
| Meagan Mueller-Rice,<br>　　　　Employee,<br>v.<br>MEDATAG, Inc. d/b/a Poblanos<br>Mexican Cuisine,<br>　　　　Uninsured Employer. | )　Docket No.: 2017-01-0750<br>)<br>)　State File No.: 82287-2017<br>)<br>)　Judge Audrey Headrick<br>) |

---

## EXPEDITED HEARING ORDER
### *(DECISION ON THE RECORD)*

---

This case came before the Court on Meagan Mueller-Rice's Request for an Expedited Hearing on the record.[1] The issue is whether Ms. Mueller-Rice is likely to establish at trial that she is entitled to medical and temporary disability benefits for the knee injuries sustained when she tripped over the leash of a customer's dog. MEDATAG, Inc. d/b/a Poblanos Mexican Cuisine (Poblanos) did not respond to Ms. Mueller-Rice's request for benefits. For the reasons below, the Court awards medical benefits but denies her claim for temporary disability benefits.

### History of Claim

While working as a server at Poblanos on September 30, 2017, Ms. Mueller-Rice, a Tennessee resident, injured her knees when she tripped and fell over the leash of a customer's dog.[2] Ms. Mueller-Rice notified manager Sabrina Holbrook of her injuries and left work to seek emergency treatment. The provider took Ms. Mueller off work for four days and referred her to see Dr. Thomas Brown, III, an orthopedist.

---

[1] The Court issued a docketing notice allowing the parties until May 29 to file objections or submit position statements. Poblanos did not request an evidentiary hearing, and the Court determined it needed no additional evidence to decide the issues.

[2] Poblanos allowed dogs on the premises.

1

Text messages between Ms. Mueller-Rice and Ms. Holbrook show that she attempted to prompt Ms. Holbrook to file a claim and provide her with the carrier's information. Although Ms. Holbrook advised her of information needed by insurance to "start [her] file," she ultimately referred her to Irma Hyde, a Poblanos' shareholder. Ms. Hyde informed Ms. Mueller-Rice by text that she did not "work enough hours to qualify for [workers' compensation] insurance so [her] agent [was] looking into a different option."

Ms. Mueller-Rice returned to the emergency room on October 9 and was taken off work until she followed up with an orthopedist. Ms. Mueller-Rice then filed a Petition for Benefit Determination on October 23, 2017. The Bureau's compliance section investigated and prepared an Expedited Request for Investigation Report, noting that Poblanos admitted it was uninsured at the time of Ms. Mueller-Rice's September 30, 2017 injury, and that it did not dispute the work injury.

Ms. Mueller-Rice saw Dr. Brown on November 29 for ongoing left-knee pain. He ordered an MRI, which showed a contusion and some edema, and he ordered physical therapy. Ms. Mueller-Rice last saw Dr. Brown on February 14, 2018, when he released her to return as needed.

With the exception of payment for a physical therapy visit and a portion of the MRI bill, Poblanos did not provide Ms. Mueller-Rice with any medical or temporary disability benefits. Ms. Mueller-Rice requested payment of her medical bills as well as temporary disability benefits.

## Findings of Fact and Conclusions of Law

### Standard Applied

To prevail at an expedited hearing, Ms. Mueller-Rice must present sufficient evidence to prove she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018). The Court holds she would likely prevail in her claim for medical benefits but not temporary disability benefits.

### Medical Benefits

Under the Workers' Compensation Law, an employer must "furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident[.]" Tenn. Code Ann. § 50-6-204(a). To receive benefits, Ms. Mueller-Rice must show, to a reasonable degree of medical certainty, that the September 30, 2017 incident "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14).

2

Here, the evidence submitted is sufficient to show that the fall over a dog's leash caused Ms. Mueller-Rice's September 30 work injury and need for medical treatment. The Court notes that the Dispute Certification Notice does not list compensability as a disputed issue, and it is unclear whether Poblanos participated in mediation. Based on the evidence submitted, Poblanos must pay for Ms. Mueller-Rice's past and ongoing medical treatment for the September 30 work injury.

*Temporary Disability Benefits*

Ms. Mueller-Rice also requested temporary disability benefits. There are two kinds: temporary total and temporary partial. To receive temporary total disability (TTD) benefits, Ms. Mueller-Rice must prove (1) she became disabled from working due to a compensable injury; (2) a causal connection exists between the injury and her inability to work; and (3) she established the duration of her disability. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). Concerning temporary partial disability (TPD) benefits, Ms. Mueller-Rice is eligible for benefits if she earned less than her average weekly wage due to work restrictions. *See* Tenn. Code Ann. § 50-6-207(2)(A).

Here, Ms. Mueller-Rice might be entitled to past temporary disability benefits. However, the parties submitted no proof of her wages. Due to this lack of evidence, the Court must deny her request for temporary disability benefits at this time.

*Penalty Unit Referral*

The Penalty Program is specifically authorized to assess penalties under the Workers' Compensation Law as well as the General Rules of the Workers' Compensation Program. The Court finds that Poblanos is subject to possible penalty assessments under Tennessee Code Annotated section 501-6-118 for the following:

- Failure to have workers' compensation coverage;
- Bad-faith denial of Ms. Mueller-Rice's claim;
- Failure to file a First Report of Work Injury, a Notice of Controversy, or a Notice of Denial of Claim;
- Failure to timely provide medical treatment; and,
- Failure to timely provide a panel of physicians.

Therefore, the Court refers this matter to the Compliance Program for consideration of these and any other applicable penalties.

3

*Payment of Benefits*

Poblanos must provide medical and temporary disability benefits. However, since it did not have workers' compensation insurance at the time of the injury, the Uninsured Employers Fund (UEF) has *discretion* to pay *limited* temporary disability benefits and medical expenses if certain criteria are met. (See attached Benefits Request Form.) Ms. Mueller-Rice must establish, through her testimony, medical records, and the Bureau's Compliance report, that she has proved or is likely to prove that she: 1) worked for an uninsured employer; 2) suffered an injury arising primarily in the course and scope of employment on or after July 1, 2015; 3) was a Tennessee resident on the date of injury; 4) provided notice to the Bureau of the injury and of the employer's lack of coverage within sixty days of the injury; and, 5) secured a judgment for workers' compensation benefits against Poblanos for the injury. Tenn. Code Ann. § 50-6-801(d)(1)-(5).

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Ms. Mueller-Rice's request for temporary disability benefits at this time.

2. Dr. Thomas W. Brown, III shall be the authorized treating physician. Poblanos shall provide Ms. Mueller-Rice with ongoing medical treatment for her September 30, 2017 work injury under Tennessee Code Annotated section 50-6-204. Further, upon presentment of bills by Ms. Mueller-Rice or her treating providers, Poblanos shall pay all past medical expenses incurred for treatment of her work-related injury by, or upon the direction of, the following: 1) Memorial Hospital; 2) Chattanooga Emergency Med, PLLC; 3) Diagnostic Imaging Consultants; 4) Thomas W. Brown, III, M.D.; 5) Chattanooga Outpatient Center; and, (6) Benchmark Physical Therapy.

3. This case is set for a Status Hearing on Wednesday, July 31, 2019, at 1:00 p.m. Eastern Time. The parties must call (423) 634-0164 or toll-free at (855) 383-0001 to participate. Failure to call may result in a determination of the issues without your participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED May 31, 2019.**

**AUDREY A. HEADRICK**
**Workers' Compensation Judge**

# APPENDIX

Exhibits:
1. Affidavit of Meagan Mueller-Rice
2. Expedited Request for Investigation Report
3. Billing statements:
   a. Benchmark PT
   b. Chattanooga Outpatient Center
   c. Memorial Hospital of Chattanooga
   d. Chattanooga Emergency Med, PLLC
   e. Diagnostic Imaging Consultants
   f. Thomas W. Brown, III, M.D., P.C./Chattanooga Sports Medicine & Orthopedics
4. Secretary of State Filing Information
5. Text messages between Ms. Mueller-Rice and Sabrina Holbrook, manager, September 30, 2017, to October 9, 2017
6. Medical records of Memorial Hospital
7. Medical records of Dr. Brown

Technical record:
1. Petition for Benefit Determination
2. Expedited Request for Investigation Report
3. Dispute Certification Notice
4. Show Cause Order
5. Order on Show Cause Hearing
6. Request for Expedited Hearing
7. Docketing Notice

# CERTIFICATE OF SERVICE

I certify that a copy of this Expedited Hearing Order was sent to these recipients as indicated below on May 31, 2019.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Meagan Mueller-Rice, Employee | X | | meganmueller@gmail.com<br>809 Central Avenue<br>Chattanooga, TN 37403 |
| Poblanos, Uninsured Employer | X | | i.hyde@hotmail.com<br>Poblanos Mexican Cuisine<br>**Attn: Irma Hyde**<br>551 River Street<br>Chattanooga, TN 37405 |
| Amanda Terry, Compliance Program | | X | WCCompliance.program@tn.gov<br>Amanda.terry@tn.gov |
| LaShawn Pender | | X | lashawn.pender@tn.gov |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

7



Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work
wc.ombudsman@tn.gov
1-800-332-2667

**Filed Date Stamp Here**

**REQUEST FOR BENEFITS FROM THE UNINSURED EMPLOYERS FUND**

Eligible employees may use this form to request benefits from the Uninsured Employers Fund (UEF) if they are injured while working for an employer that failed to provide:

1. Workers' compensation insurance as required by the TN Workers' Compensation Law; and,
2. Medical and/or disability benefits as required by the TN Workers' Compensation Law.

This form **MUST be completed and sent via certified mail** to the following address:

> Tennessee Bureau of Workers' Compensation
> ATTN:  UEF Benefit Manager
> Uninsured Employers Fund
> 220 French Landing Drive, Suite 1B
> Nashville, TN 37243-1002.

This form MUST be sent within sixty (60) calendar days after the claim is over and MUST include:

1. A court order stating your employer owes you benefits and that you may request UEF benefits;
2. A completed Internal Revenue Service (IRS) Form, W-9 Request for Taxpayer Information and Certification available at www.irs.gov; and
3. A completed Bureau of Workers' Compensation Form C31 Medical Waiver and Consent available on the "Forms" link at www.tn.gov/workerscomp.

I certify that I believe I am eligible for benefits from the UEF; that my employer has not paid all or part of the benefits I am due; and my employer has not complied with an order issued by the Court of Workers' Compensation Claims.

I, _____, request benefits from the Uninsured Employers Fund.
   (Print Your Name)

_____
Signature                                                              Date

Tennessee Law allows the State of Tennessee to recover payments made by the UEF for temporary disability benefits or medical benefits. An agreement between you and your employer for payment of benefits must be pre-approved by the UEF before being approved by a workers' compensation judge.

LB-3284 (NEW 4/19)                                                          RDA 10183



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____
[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____
to the Workers' Compensation Appeals
_____ Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____.

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information
**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties
**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]     _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____  2. Address: _____

3. Telephone Number: _____  4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

| | | | |
|---|---|---|---|
| Groceries | $ _____ per month | Telephone | $ _____ per month |
| Electricity | $ _____ per month | School Supplies | $ _____ per month |
| Water | $ _____ per month | Clothing | $ _____ per month |
| Gas | $ _____ per month | Child Care | $ _____ per month |
| Transportation | $ _____ per month | Child Support | $ _____ per month |
| Car | $ _____ per month | | |
| Other | $ _____ per month (describe: _____ ) | | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____